Mark M. Sharf, Subchapter V Trustee
6080 Center Dr., Suite 600
Los Angeles, CA 90045
(818)961-7170
mark@sharflaw.com

Subchapter V. Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>ARTESIAN FUTURE TECHNOLOGY, LLC, a North Carolina limited liability company, dba ARTESIAN BUILDS, dba ARTESIAN, LLC, dba BLDYR, INC., dba ARTESIAN<br><br>Debtor | CASE NO. 22-40396 CN<br><br>CHAPTER 11<br><br>OPPOSITION TO APPLICATION TO APPROVE DESIGNATION OF RESPONSIBLE INDIVIDUAL FOR CORPORATE DEBTOR<br><br>DATE: MAY 13, 2022<br>TIME: 11:00 A.M.<br>CTRM: VIA ZOOM |

Mark M. Sharf, Subchapter V Trustee, hereby opposes the Application to Approve Designation of Responsible Individual For Corporate Debtor (the "Application") as follows:

1. On Question 28 of the Statement of Financial Affairs in this case the Debtor listed all of its officers, directors, managing members, members in control 'or other people in control of the debtor at the time of the filing of this case' as:

    "Noah Katz 5801 Cascade Drive Chapel Hill, NC 27514 President 100%"

    Doc 31, p. 27.

2. At Doc 12, p. 2, lines 15-16 (the Debtor's motion to approve its engagement agreement with BPM, LLC) the Debtor argued:

> "The Debtor was founded by Noah Katz. Noah Katz is Debtor's managing member and sole owner."

Again, the Debtor has only one managing member and one owner.

3. F.R.B.P. 9001(5) provides:

> "(5) "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control;…"

Rule 9001(5) applies in this case because limited liability companies are defined as corporations under existing case law. Gilliam v. Speier (In re KRSM Props., LLC), 318 B.R. 712, 717 (9th Cir. BAP 2004).

We know that Edward Webb is not a person "in control" (and that he holds none of the other positions specified in Rule 9001(5)) because question 28 of the Statement of Financial Affairs asks this precise question. For this reason alone Edward Webb should not be authorized to act on behalf of the Debtor.

While Noah Katz (himself and with his parents) retains complete dominance of the Debtor in this case, he wants someone with no personal knowledge of the facts (and who was just brought into this matter in the last 60 days) to take over as the "Responsible Individual."

This would deprive creditors of the right to ask questions at the 2004 exam of someone with personal knowledge of the facts. The 2004 exam is now set for May 16, 2022 at 1:00 p.m.. The Trustee objects to the Application both because it runs afoul of F.R.B.P. 9001(5), and because it deprives creditors of the opportunity to learn what actually occurred from someone with personal knowledge. See <u>In re Muy Bueno</u> 257 B.R. 843 (Bankr. W.D. Tex. 2001) (Rule 9001 gives court, not debtor, power to decide who must attend section 341(a) meeting).

      Wherefore, Mark M. Sharf Subchapter V Trustee prays that the Application be denied.

Dated: May 9, 2022                              /s/ Mark M. Sharf
                                                            Mark M. Sharf, Subchapter V Trustee