Ryan C. Wood (State Bar No. 249048)
Law Offices of Ryan C. Wood, Inc.
611 Veterans Blvd. Ste. 218
Redwood City, CA 94063
Telephone: (650) 366-4858
Facsimile: (650) 366-4875
Ryan@WestCoastBK.com

Attorneys for Brian Quinlivan

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 22-40396 CN |
| Artesian Future Technology, LLC, et. al. | Chapter 11 |
| Debtors. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PROPOUNDING DISCOVERY** |
| | [No Hearing Required] |

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, OUST, CHAPTER 11 TRUSTEE, DEBTOR, KATZ FAMILY AND OTHER PARTIES IN INTEREST:**

Brian Quinlivan ("Creditor"), by and through counsel Ryan C. Wood, hereby submits this Memorandum of Points and Authorities in Support of Propounding Discovery regarding Artesian Future Technology, LLC et. al. ("Debtor") and Noah Katz, Belinda Novik and Barry Katz ("Katz Family"). Debtor/Katz Family elected to proceed under Subchapter V but have intentionally not followed Subchapter V procedure in good faith to the detriment of all creditors. To date the Court has presided over two status conferences regarding confirmation, and two hearings regarding Debtor's Motion to Compromise ("Contested Matter") and approval of the Settlement Agreement ("Contested Matter") which are governed by several procedural rules, including FRPB 9014 and/or 9013. Accordingly, Creditor may propound discovery on the Artesian Future Technologies, LLC, et. al. ("Artesian").

# I.

## Memorandum of Points and Authorities

Creditor in this case is seeks to be paid for his time and effort already earned according to the terms set by Debtor and Katz Family in Creditors executed employment contract.

Debtor and Katz Family seek to buy recently defined but still unvalued causes of action and claims against themselves to make sure the wronged parties, who actually have the right to prosecute such claims, are forced to give up those claims for a price set by the Katz Family, for the purpose of the Katz Family receiving the ability to sit on such claims to ensure they never have to pay the full value of such claims to the wrong parties. This would thereby permanently release/discharge the Katz Family from all liability.

**A.** **Debtors Are Supposed Act in Good Faith to Form and Confirm Consensual Plans; If Debtors Intentionally Do Not Seek Consensual Plans Creditors Should Not Be Penalized But Afforded Time Requested to Conduct Discovery**

Subchapter V provides a streamlined reorganization, like Chapter 13, for individuals and entities within certain debt limitations to reorganize and try to reach a consensual plan. All Courts hopefully will support any party seeking to reach a consensual plan. The time it becomes clear a consensual plan is not possible will be different in each case. At that time parties must still be allowed to conduct discovery or face prejudiced for seeking to not waste resources to reach a consensual plan. No individual creditor in this case should be presumed to have $200,000.00 to throw at enforcing their rights.

> "The legislative purpose of the SBRA was to provide a fast track for small businesses to confirm a <u>consensual plan</u> with the assistance of a private trustee, a subchapter V trustee. SBRA's key provisions seek: to <u>increase a debtor's ability to negotiate a successful reorganization</u> while retaining control of the business; to reduce "unnecessary procedural burdens and costs" by eliminating the creditors' committee and disclosure statement requirements for the plan of reorganization; and to <u>increase oversight and ensure quick reorganizations.</u>" See The Small Business Reorganization Act of 2019 ("SBRA"), Pub. L. No. 116-54, effective February 19, 2020.

In this case oversight has not been increased but actually significantly decreased, with an all-out attempt at a quick reorganization that if forbidden by law. Debtor made absolutely zero effort, not

one communication, to reach a consensual plan with any creditor other that the Katz Family. Creditor is the only party that in good faith sought a consensual plan as Subchapter V requires. 11 U.S.C. § 1188(c) requires updates on what and how a debtor tried or is doing to reach a consensual plan, which has been entirely ignored in this case.

After the filing of the first plan and motion to compromise controversy Creditor continued in good faith to reach a settlement and consensual plan.

## II.

### Ripeness and Good Faith

The Katz Family is spending over $200,000.00 just in administrative expenses to make sure they only pay general unsecured creditors holding over $7 million in collective claims a paltry $50,000.00, buy causes of action against themselves, and attempting to give themselves a release of these causes of action by not prosecuting the causes of actions against themselves.

"Any and All Claims" was never even defined in the Debtor/Katz Family plan of reorganization, motion to compromise or settlement agreement. "Any and All Claims" still is not even valued yet somehow confirmation of a plan is sought. After three plans and two status conference hearings "Any and All Claims" finally changed on September 27, 2022, with the filing of the Third Amended Plan, and a more detailed, albeit still deficient, explanation of what "Any and All Claims" included. This issue is now ripe.

> "claims and causes of action the Debtor or the estate may hold against the Plan Funders, Noah Katz, or any other person or entity. The above claims transferred to the Plan Funders include, but are not limited to, claims of the Debtor and its estate (i) against any officers, directors, managers, members or shareholders of the Debtor, including claims that might otherwise be brough derivatively by interest holders or creditors on the Debtor's behalf, such as claims in the nature of breach of fiduciary duty, negligence, gross negligence, unlawful distribution, fraud, malfeasance, misrepresentation and willful misconduct, (ii) alter ego claims to the fullest extent such claims belong to the Debtor under applicable nonbankruptcy law, and (iii) all claims of the Debtor's estate under Chapter 5 of the Bankruptcy Code. Notwithstanding any provision to the contrary in this Plan, the Plan does not release any claims against the Plan Funders or Noah Katz held by of any non-Debtor"

Debtor's Third Amended Plan for the first time actually lists what "Any and All Claims" allegedly are in the Katz Family's opinion. Or a least what they want released against them for a sum of money. "Any and All Claims" are finally ripe for discovery and discussion. Are the Katz Family going to pursue claims against other human beings not named? We know they are not going to pursue claims against themselves, naturally. What claims are against other humans not listed in this case and the value of such claims? There are now more questions than answers. The Debtor and Katz Family have been playing hide the ball this entire case and do not want these questions answers. Creditors have been left with a rushed confirmation process and plan not formulated procedurally consistent with Subchapter V. Creditor has only attempted to efficiently and properly sift through the lack of transparency to find truth in this case.

<u>Thomas v. Anchorage Equal Rts. Comm'n</u>, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). "A dispute is ripe in the constitutional sense if it presents concrete legal issues, . . . in actual cases, not abstractions." Mont. Env't Info. Ctr. v. Stone-Manning, 766 F.3d 1184, 1188 (9th Cir. 2014). "[O]ne of the justiciability doctrines is ripeness, which seeks to separate matters that are premature for review, because the injury is speculative and never may occur from those cases that are appropriate to be decided at that time. Id. "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Id. (citing Digital Props., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir.1997)).

"Any and All Claims" was purposely not defined in detail, left to be abstract, and only now is ripe. This arguably due to third party releases being forbidden in the Ninth Circuit and the Katz Family desire to buy their own claims against themselves for 0.005%.

In addition, all creditors arguably obtained the right to file a dischargeability adversary proceeding against Artesian Future Technologies, LLC, et. al. on September 2, 2022, when confirmation of a nonconsensual plan moving forward pursuant to Section 1191(b) was confirmed by the Court. Prior to filing an adversary proceeding creditors must afforded a reasonable time to conduct discovery. Creditors cannot be forced to expend thousands of dollars in expenses seeking discovery only to have a proposed plan consensually confirmed negating the right to file and adversary

proceeding pursuant to Sections 1192(2) and 1191(b). This issue only became ripe on September 2, 2022.

The Bankruptcy Code requires Artesian and the Katz Family to have a discharge due to their failure to confirm a consensual plan. Section1192 provides: <u>If</u> the plan of the debtor is confirmed under section 1191(b) of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, except any debt— (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or **(2) of the kind specified in section 523(a) of this title.**

Debtor/Katz Family's failure to even try to confirm a consensual plan is being ignored and the consequences of such failure, no consensual plan under Section 1191(a), are being ignored. In this case it is worse given Debtor/Katz Family did not even try to reach a consensual plan. There are consequences of not confirming a consensual plan that Congress intended and wrote into the Bankruptcy Code. If no consensual plan, then you debtor do not have the legal right to decide your right to a discharge or not to your own advantage. That is reserved for debtors with consensual plans that acted in good faith. If there is no consensual plan, you debtor also no longer have the right avoid Section 523(a) and a discharge/release obtained in violation of Section 523(a).

## II.

## **CONCLUSION**

**WHEREFORE,** Creditor respectfully requests this Court enter a Scheduling Order for creditors to conduct discovery regarding the Motion to Compromise Controversy/Settlement Agreement and now that creditors have a right to file adversary complaints against the Debtor.

Dated: October 7, 2022                                      Respectfully submitted,

                                                                             /s/ Ryan Wood

Ryan C. Wood
Attorney for Brian Quinlivan

-6-