Ryan C. Wood (State Bar No. 249048)
Law Offices of Ryan C. Wood, Inc.
611 Veterans Blvd. Ste. 218
Redwood City, CA 94063
Telephone: (650) 366-4858
Facsimile: (650) 366-4875
Ryan@WestCoastBK.com

Attorneys for Brian Quinlivan

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

Artesian Future Technology, LLC, et. al.,

      Debtors.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Bankruptcy Case No. 22-40396 CN-11

Chapter 11

**DECLARATION OF BRIAN QUINLIVAN IN SUPPORT OF OPPOSITION TO MOTION TO COMPROMISE CONTROVERSY; SETTLEMENT AGREEMENT; CONFIRMATION OF THIRD AMENDED CHAPTER 11 SUBCHAPTER V PLAN, DATED SEPTEMBER 27, 2022**

**[No Hearing Scheduled]**

I, Brian Quinlivan, hereby declare under penalty of perjury in support of my Opposition to Confirmation of Debtor's Third Amended Chapter 11 Subchapter V Plan, Motion to Compromise Controversy and Settlement Agreement of Artesian Future Technology, LLC, et. al. ("Debtor"), Noah Katz, Belinda Novik and Barry Katz (collectively "Katz Family" and/or "Debtors" and/or "Plan Beneficiaries") as follows:

1. I only seek to be paid for my time and effort I already earned according to the terms set by Debtor and Katz Family in my executed employment contract.

2. Debtor and Katz Family seek to buy recently defined but still unvalued causes of action and claims against themselves to make sure the wronged parties, me included, that actual have the

right to prosecute such claims, are forced to give up those claims for a price set by the Katz Family, so the Katz Family can sit on such claims to ensure they never have to pay the full value of such claims to the wrong parties, including me.

3. I do not agree to being forced to give up permanently releasing/discharging my legal claims against the Katz Family.

4. The entity Debtor/Artesian is a shell with no future disposable income, yet confirmation requires debtors to propose future income for the benefit of creditors.

5. Equity requires equal treatment, yet Debtor/Artesian chose to cherry-pick which assets to liquidate for the benefit of creditors and which assets to sit upon, and not treat equally, and attempt to permanently release/enjoin/discharge for the personal benefit of the Katz Family.

6. There is nothing fair, equitable or reasonable about this intentional unequal treatment for the personal benefit of the Katz Family.

7. In the Ninth Circuit, all third-party releases of pre-petition liability of third parties are prohibited.

8. Whether the actual bankruptcy filer, the debtor, receives a discharge, eligible for a discharge, discharge is revoked, objected to, or waived in writing, it is not relevant to the Ninth Circuit's holding that the Bankruptcy Code does not allow the release, enjoinment or discharge of pre-petition claims against third-party non-filing entities or individuals.

9. It would not be fair, equitable, or reasonable for me to harm others then set the price for which I purchase those wrongs to make sure I never have to pay for such wrongs.

10. This Court has no "claim" before it to consider, evaluate, pursue, compromise, or settle.

11. No claim exists to consider, evaluate, pursue, compromise, or settle given "Any and All Claims" is not scheduled, nor any request for a claim to be abandoned has been made.

12. The Debtor/Artesian and Katz Family have determined $50,000.00 is all they will give to me and other general unsecured creditors regardless of what any party evaluates; this Court included.

13. I seek a true liquidation for the benefit of all estate creditors; not just the Katz Family buying claims against themselves to never prosecute and so the creditors with the right to pursue such claims NEVER receive the full value of such claims.

14. There is nothing fair, equitable or reasonable about limiting an estate claim rather than maximizing the estate claims for the benefits of all creditors.

15. I am not aware of any amount was or is ever provided under penalty of perjury totaling the amount of the claims against the Katz Family. Not even an estimate. Yet somehow the expenses of pursuing the Katz Family Claims are so high, the expense of pursuit outweighs the return of the pursuit.

16. Even knowing the Katz Family has no problem and had no problem spending over $1 million to prop up the insolvent Debtor, why can they now pay hundreds of thousands to try and clean up the mess that creditors have a the right to pursue in future complaints?

17. How can an argument be made that the Katz Family Claims are $0.00, but the expense to pursue the claims worth $0.00 will exceed $150,000.00? The Katz Family is paying over $200,000.00 in administrative expenses to buy and sit on claims worth $0.00?

18. No, this argument is clearly disingenuous and hypocritical.

19. For a hypothetical liquidation to be evaluated all parts of the equation must have a number.

20. Debtor/Artesian is specifically choosing to hide the ball from this Court and not value, or even schedule the claims of their fellow creditors being released/enjoined/discharged by operation of the proposed Plan.

21. There is no admissible evidence as to the value or nature of the alleged claims to settled/release/enjoin/discharge against the Katz Family. There are however over $7.0 million (See Claims Register as of 10/6/2022) in general unsecured claims with no dollar amount in a hypothetical chapter 7 liquidation to compare or contrast.

22. The liquidation analysis in this case is even more deficient than failing to provide the amount of the Katz Claims.

23. The Responsible individual, Edward Webb, did not complete a four-year look back regarding the Debtor's preferential and more importantly fraudulent transfers to third-parties; specifically the Katz Family. Mr. Webb only completed one-year look back. See Declaration of Edward Webb, Docket No. 121-2, Page 5, Lines 9 - 13.

24. In a hypothetical chapter 7 liquidation every Chapter 7 Trustee will look at and evaluate claims pursuant to California's Uniform Fraudulent Transfers Act with a four-year look back. For this liquidation analysis to have any type of legitimacy a four-year look back regarding the transactions of the Debtor must take place and an item in Schedule "A" of the proposed Plan include an estimated amount of the transfers.

25. I believe Debtor/Artesian and Katz Family and intentionally not being transparent regarding the nature and value of the Katz Family Claims.

26. A transparent, fair, equitable and reasonable analysis liquidation analysis is purposely not possible so that general unsecured creditors are forced to take $50,000.00 or 0.005% of their claims.

27. Even if the Debtor's proposed Plan was not forbidden by law it manipulates the Bankruptcy Code and is not filed in good faith.

28. The Debtor is purposely not liquidating substantially all of the assets of the Debtor to ensure the true value and liability of the Katz Family Claims are never known.

29. All assets of the Debtor/Artesian will be properly valued by the "market" upon liquidation and all creditors would share equally in the estate assets.

30. I have advocated for the auction of the Katz Family Claims just like the other assets of the Debtor.

31. Do the ten promoters of Artesian who never won their fairly won PC's, know their rights are trying to be purchased for 0.005%?

32. It appears no party will sign a declaration in support of the Debtor's schedules to include the claims against any of the three Katz Family defendants.

33. Debtor will however cherry pick which claims to liquidate or not to the detriment of all creditors.

34. There is no disposable income can even be evaluated to consider confirmation of the proposed Plan.

35. Part of the Plan is based upon the facts and circumstances of the actual Debtor, Artesian, and some of the proposed Plan feasibility is based upon the circumstances of the Katz Family.

36. It is the Katz Family's monthly disposable income and assets that must be evaluated regarding Sections 1191(c)(2) and 1191(d), as the actual Debtor has none and purposely will have none in the future.

37. The Plan provides for $50,000.00 to general unsecured creditors, but this number cannot be evaluated as "future disposable income" as it is arbitrary and the universe cannot expand.

I declare this statement is true and correct under penalty of perjury pursuant the laws of the United States of America. Executed this 7th day of October, 2022, in North Hollywood, California.

*Brian Quinlivan*

Brian Quinlivan