**Entered on Docket
December 05, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: December 5, 2022

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ARTESIAN FUTURE TECHNOLOGY, LLC,<br><br>Debtor. | Case No. 22-40396 CN<br>Chapter 11<br><br>**ORDER ON EVIDENTIARY OBJECTIONS AND REQUESTS FOR JUDICIAL NOTICE** |

The following constitutes the court's rulings on Debtor's Evidentiary Objections to Statement/Objection of Brian Quinlivan (Docket Entry No. 146); Debtor's Objection to Request for Judicial Notice Filed by Brian Quinlivan (Docket Entry No. 180); Debtor's Evidentiary Objections to Declaration of Brian Quinlivan in Support of Opposition to Plan Confirmation, Compromise and Settlement (Docket Entry No. 183); and Creditor Brian Quinlivan's Request to Take Judicial Notice (Docket Entry No. 186).

**(1) Docket Entry #146 – Evidentiary Objections to Statement/Objection of Brian Quinlivan**

On August 26, 2022, Debtor objected to the documents filed by Brian Quinlivan relating to his request to expand the SubChapter V trustee's duties (Docket Entry Nos. 138 and 140). Debtor generally objected on the grounds that Docket Entry Nos. 138 and 140 did not comply with Local Bankruptcy Rule 9013-1(d)(2) and the allegations contained in those pleadings were not made under penalty of perjury. Debtor also provided a table of specific evidentiary objections to each of Quinlivan's allegations. Debtor's general

objection is sustained, because the statements contained in Docket Entry Nos. 138 and 140 were not made under penalty of perjury and thus are not admissible evidence.

**(2) Docket Entry #180 – Debtor's Objection to Quinlivan's Request for Judicial Notice**

On September 9, 2022, Quinlivan filed a Request for Judicial Notice in support of his objections to plan confirmation and Debtor's motion to compromise. Quinlivan requested the court take judicial notice of and/or admit five exhibits into evidence as self-authenticating documents under Federal Rule of Evidence 902. The exhibits are labeled as: (1) the Debtor's Schedule B listing Noah Katz's personal account with PayPal; (2) Debtor's public account/website with Twitch; (3) Debtor's public account/website with Patreon; (4) Artesian Future Technologies, LLC's state of incorporation, principal place of business, business address and agent for service of process, Barry Katz; and (5) Debtor's public account/website with Etsy. Debtor filed objections to these requests on September 20, 2022. Debtor objected to the court taking judicial notice of exhibits 2, 3, and 5. Debtor also objected to the same exhibits on the grounds that they are not self-authenticating.

"[C]ourts do not take judicial notice of documents, they take judicial notice of facts." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). Rule 201 of the Federal Rules of Evidence provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "A court may take judicial notice of 'matters of public record' . . . . [b]ut a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Moreover, Federal Rule of Evidence 902 provides a list of evidence that is self-authenticating.

Debtor's objections to exhibits 2, 3, and 5 are sustained. First, it is unclear what facts Quinlivan wants this court to take judicial notice of. The court surmises Quinlivan wants the court to take judicial notice that these websites (Debtor's Twitch website,

Debtor's Patreon website, and Debtor's Etsy website) exist and are allegedly still functioning based on his screenshots of these websites. The court cannot take judicial notice of these screenshots, as their existence is not generally known within the trial court's territorial jurisdiction and cannot be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. For example, exhibits 2 and 3 do not contain website URLs and do not indicate when the screenshot was taken. While a website URL is visible on page two of exhibit 5, the date at the top corner of the second page indicates that this image may be from November 19, 2020. In addition, none of these exhibits are self-authenticating under Federal Rule of Evidence 902. Therefore, Debtor's objections to exhibits 2, 3, and 5 are sustained.

The court takes judicial notice of exhibit 1 and 4.

**(3) Docket Entry #183 – Evidentiary Objections to Declaration of Brian Quinlivan**

On September 20, 2022, Debtor filed several evidentiary objections to the declaration filed by Quinlivan on September 14, 2022 (Docket Entry No. 174). The table below summarizes Debtor's objections and the court's rulings on these objections.

| Paragraph | Objection | Ruling |
|---|---|---|
| 2 | Incorporating objections to Judicial Notice | Sustained as to Exhibits 2, 3, and 5 as discussed in the court's ruling on Quinlivan's Request for Judicial Notice. |
| 3 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 4 | Nothing more than opinion; conclusory and argumentative | Sustained. Under Fed. R. Evid. 701, a lay witness may provide opinion testimony in the form of an opinion that is rationally based on the witness' perception. Regardless, Fed. R. Evid. 602 requires the witness to lay a foundation establishing that he has personal knowledge of the matter. The court construes the "conclusory" objection to be a foundation objection. |
| 5 | Nothing more than opinion; conclusory and argumentative | Overruled. |

| | | |
|---|---|---|
| 7 | Hearsay | Overruled. This general statement is attributable to party opponents in this contested matter (*see* Fed. R. Evid. 801(d)(2)) |
| 8 | Hearsay; Nothing more than opinion; conclusory and argumentative | Overruled on both grounds. Quinlivan has personal knowledge of the statements in this paragraph. |
| 9 | Hearsay | Overruled. |
| 10 | Hearsay | Overruled. |
| 11 | Hearsay; Nothing more than opinion; conclusory and argumentative | Overruled on all grounds. |
| 12 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 13 | Hearsay; lack of foundation | The hearsay objection is overruled. The lack of foundation objection is sustained. Fed. R. Evid. 602. |
| 14 | Hearsay; lack of foundation | The hearsay objection is overruled. The lack of foundation objection is sustained. Fed. R. Evid. 602. |
| 15 | Hearsay; lack of foundation | The hearsay and lack of foundation objections are sustained. |
| 16 | Nothing more than opinion; conclusory and argumentative | Sustained for lack of foundation (*i.e.*, conclusory). Fed. R. Evid. 602. |
| 17 | Nothing more than opinion; conclusory and argumentative | Sustained for lack of foundation. Fed. R. Evid. 602. |
| 18 | Hearsay; lack of foundation | Sustained on both grounds. |
| 19 | Hearsay; lack of foundation | Sustained on both grounds. |
| 20 | Nothing more than opinion; conclusory and argumentative | Overruled. Under Fed. R. Evid. 701, a lay witness may provide opinion testimony in the form of an opinion that is rationally based on the witness' perception. |
| 21 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 22 | Nothing more than | Overruled. |

| | | |
|---|---|---|
| | opinion; conclusory and argumentative | |
| 23 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 24 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 25 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 26 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 27 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 28 | Nothing more than opinion; conclusory and argumentative | Sustained for lack of foundation. Fed. R. Evid. 602. |
| 29 | Nothing more than opinion; conclusory and argumentative | Sustained. Quinlivan may not opine on matters than require an expert. |
| 30 | Nothing more than opinion; conclusory and argumentative | Overruled. |
| 31 | Nothing more than opinion; conclusory and argumentative | Sustained as to the last sentence in this paragraph. |

**(4) Docket Entry #186 – Request for Judicial Notice**

Quinlivan filed another Request for Judicial Notice on September 21, 2022, asking that the court take judicial notice of numerous pages from the United States Department of Justice's Subchapter V Chapter 11 manual, several Bankruptcy Code sections, and Rule 2002(a) of the Federal Rules of Bankruptcy Procedure. "[C]ourts do not take judicial notice of documents, they take judicial notice of facts." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). The court does not know what adjudicative "facts" are found within any of these documents, and it declines to take judicial notice of them.

Mr. Quinlivan also states that these exhibits are self-authenticating under Federal

Rule of Evidence 902 and do not require any extrinsic evidence to be admitted into evidence. The court is not admitting the Bankruptcy Code or its Rules into evidence. Moreover, absent some explanation regarding why the court should admit the Department of Justice's manual into evidence, the court declines to do so.

**\*\*\*END OF ORDER\*\*\***

Case No. 22-40396

**COURT SERVICE LIST**

Recipients are ECF participants.